UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM-DENNIS,

Plaintiff,

v.

Case No. 25-cv-12889
HON. MARK A. GOLDSMITH

MATTHEW EDWIN ROZNOWSKI, et al.,

Defendants.
______________________________________/

**ORDER ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED JUNE 3, 2026 (Dkt. 34)**

This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge Curtis Ivy, Jr., issued on June 3, 2026 (Dkt. 34). In the R&R, the Magistrate Judge recommends that the Court dismiss William-Dennis's complaint for lack of subject matter jurisdiction and deny Defendants' motion to dismiss (Dkt. 29) and William-Dennis's motion for Defendant counsel disqualification (Dkt. 31) as moot.

The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or

omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

The Court agrees with the R&R that a complaint may be dismissed when the claims are "totally implausible." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999); see also Hagans v. Lavine, 415 U.S. 528, 536–537 (1974). William-Dennis's claims are premised upon a belief that Defendants cannot enforce Michigan statutes requiring a driver's license and/or motor vehicle license plate and registration because those laws, as applied to "non-commercial travel, violate the U.S. Constitution and are pre-empted by federal law under the Supremacy Clause." Am. Compl. at PageID.104 (Dkt. 19). These allegations and claims "correspond to meritless rhetoric frequently espoused by tax protesters, sovereign citizens, and self-proclaimed Moorish-Americans." United States v. Coleman, 871 F.3d 470, 476 (6th Cir. 2017). It is well-settled that the state statutes requiring a driver's license and motor vehicle license plates and registration do not violate a federal constitutional right to travel, thus, William-Dennis's claims are totally implausible and lack merit. See Duncan v. Cone, No. 00-5705, 2000 WL 1828089, at *2 (6th Cir. Dec. 7, 2000) (holding that the alleged "violation of [plaintiffs'] right to travel is frivolous" because "[w]hile a fundamental right to travel exists, there is no fundamental right to drive a

motor vehicle").

Accordingly, William-Dennis's action is dismissed with prejudice. Defendants' motion to dismiss (Dkt. 29) and William-Dennis's motion for Defendant counsel disqualification (Dkt. 31) are denied as moot. The case is now closed.

**SO ORDERED.**

Dated: August 21, 2026
Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 21, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager